UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ERIC CRUZ,

                Petitioner,

              -against-                    ORDER ADOPTING REPORT
                                            AND RECOMMENDATION

WILLIAM A. LEE, Superintendent,
Green Haven Correctional Facility,
                                            12-CV-6119 (CS)(LMS)

                Respondent.
------------------------------------------------------x

Seibel, J.

       Before the Court are Petitioner's objections, (Doc. 33), to the Report and Recommendation of United States Magistrate Judge Lisa Margaret Smith, ("R&R"), (Doc. 31), recommending that Petitioner's application for a writ of *habeas corpus* be denied.

       A District Court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they [sic] object." *J.P.T. Automotive, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352 (E.D.N.Y. 2009). If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The court must review *de novo* any portion of the report

to which a specific objection is made.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).   When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error.  *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009).  "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Petitioner first objects that the R&R incorrectly states that he was convicted of Unlawful Imprisonment in the Second Degree.  (Doc, 33, at 1.)  The transcript of Petitioner's sentencing, (Doc. 13), indicates that he was sentenced on ten counts of Burglary in the Second Degree and two counts of Criminal Possession of Stolen Property in the Second Degree, but not Unlawful Imprisonment in the Second Degree.  The first objection is therefore well taken.  The error, however, had no effect on the outcome.

Petitioner next argues, (Doc. 33, at 2), that the Magistrate Judge erred in finding that the Petition's claim of ineffective assistance of trial counsel was fatally "vague and conclusory," (R&R at 8).  He seems to argue that if that were the case, the Petition should have been dismissed under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts – which directs a court to summarily dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" – rather than determined on the merits.  Petitioner does not argue that he would have been better off if his petition had been dismissed summarily, nor could he.  Rather, he seems to be suggesting that the decision not to summarily dismiss the Petition as meritless means that the Court cannot later

determine it to be fatally vague and conclusory.  But he cites no authority for the proposition that if a petition is not dismissed summarily under Rule 4, it cannot later be found insufficient.[1]

Further, the Magistrate Judge did not rely solely on the lack of detail in the petition.  She presumed (correctly) that Petitioner meant to raise the same alleged conflict of interest that he had raised in his state-court motion under New York Criminal Procedure Law ("CPL") § 440.10, and considered the arguments raised there and in the detailed reply papers Petitioner submitted after Respondent opposed the Petition, but found that even if those arguments had been included

---

[1] Petitioner cites *Razzoli v. Federal Bureau of Prisons*, No. 12-CV-3774, 2014 WL 2440771 (S.D.N.Y. May 30, 2014).  In that case, the Court had not summarily dismissed under Rule 4 but later found the petition to be frivolous.  Rather than deciding whether the decision not to dismiss under Rule 4 amounted to a finding that the petition was not frivolous, the Court revisited its initial decision under Rule 4, as permitted under the law of the case doctrine, and found the petition should have been dismissed under Rule 4.  *See* 2014 WL 2440771, at *6-7.  It is hard to see how this case helps petitioner.  It shows that even where the court does not summarily dismiss, it can still dismiss later on grounds that would have warranted summary dismissal upon filing.  Petitioner also cites *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44 (2d Cir. 1989) (*per curiam*), where the district court had both dismissed under Rule 4 and allowed the petitioner to appeal.  The Second Circuit found this approach to be "intrinsically contradictory," in that dismissal under Rule 4 amounts to a finding of frivolousness, whereas requiring an answer under Rule 4 normally means a petitioner should be allowed to appeal.  865 F.2d at 46.  *Dory* also does not help Petitioner.  Just because dismissal under Rule 4 amounts to a finding of frivolousness does not mean that not dismissing under Rule 4 precludes a later finding that the petition is insufficient. And because *Dory* was decided before the 1996 enactment of the Anti-Terrorism and Effective Death Penalty Act, which raised the standard for appealing the denial of a writ, *see* 28 U.S.C. § 2253(c)(2) (requiring finding that "the applicant has made a substantial showing of the denial of a constitutional right" before he or she may appeal), its comment that petitioners should normally be allowed to appeal where the petition has not been dismissed under Rule 4 is no longer good law.  Now a petition can be found to be non-frivolous but insufficiently substantial to be appealed (which is the case here).

in the Petition, he was not entitled to relief as a substantive matter.  (*See* R&R at 9-14.)[2]  Petitioner points to no error in that analysis, and I find none.

Finally, Petitioner suggests that he should be given leave to amend the Petition.  (Doc. 33, at 3.)  He has not explained in what respect he wants to amend or what facts he might include in an amended petition that would lead to a different outcome.  He had the opportunity, which he took, to raise whatever facts and arguments he wanted in his reply papers.  Moreover, the Magistrate Judge considered the arguments that had been made in connection with his CPL § 440.10 motion.  Petitioner has provided no explanation as to why, if indeed there are additional significant facts, they were not included in one or both of those submissions.  Accordingly, I deny leave to amend as futile.  *See Bradley v. LaClair*, 599 F. Supp. 2d 395, 405-06 (W.D.N.Y. 2009) (district court has discretion to deny leave to amend petition where amendment would be futile).

Thus, for the reasons stated above, Petitioner's objections are overruled, except for the first one.  I have reviewed the portions of the Petition as to which no objection has been raised, and find no error, clear or otherwise.  Thus, the R&R is adopted as the decision of the Court, with the exception that the reference to a conviction for an Unlawful Imprisonment is stricken.  Leave to amend the Petition is denied.

---

[2] Petitioner suggests that he did not put facts in his petition because the form asks only that a petitioner state the grounds on which he claims to be held unlawfully, but does not ask for the facts supporting such grounds.  (Doc. 33, at 2.)  But under Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts – rules with which petitioner is evidently familiar – "[t]he petition must:  (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground."  In any event, Petitioner submitted a thirty-page traverse, plus exhibits, in reply to Respondent's opposition, and thus had the opportunity to flesh out any factual arguments he wished to make.

As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: August 1, 2016
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.